In the Matter of the Application of James E. Cashion, Petitioner, against Charles A. Harnett, Commissioner of Motor Vehicles of the State of New York, Respondent.

First Department, January 29, 1932.

*Nathan Adest* of counsel, for the petitioner.

*Robert P. Beyer, Deputy Assistant Attorney-General*, of counsel [*Peter J. Brancato, Deputy Attorney-General*, with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

Townley, J. The Commissioner of Motor Vehicles revoked petitioner's license as chauffeur. This revocation was based entirely upon a communication from the Registrar of the Department of Public Works, Registry of Motor Vehicles of Massachusetts. This communication in effect stated that petitioner, a resident of New York, had been convicted on July 11, 1931, in the District Court of Haverhill, Mass., of operating a motor vehicle "while under the influence of intoxicating liquor" in violation of the General Laws of the State of Massachusetts and that his right to operate a motor vehicle in that State has been suspended.

Section 71 of the Vehicle and Traffic Law of New York (as amd. by Laws of 1930, chap. 26) provides that a driver's license must be revoked on conviction for driving "while intoxicated" even though the conviction may be in another State. The action of the Commissioner of Motor Vehicles in this proceeding involves an assumption that the conviction of "operating a motor vehicle while under the influence of liquor" established a conviction for driving "while intoxicated" within the meaning of section 71 of the Vehicle and Traffic Law of this State.

We think the Commissioner was mistaken in this conclusion. The courts of Massachusetts have held that proof of intoxication is not necessary to establish the offense of " driving while under the influence of intoxicating liquor." The Supreme Court of Judicature of Massachusetts in *Commonwealth* v. *Lyseth* (250 Mass. 555), while discussing the quantum of proof required to convict in Massachusetts on the charge of driving while under the influence of intoxicating liquor, has said: " The Commonwealth was not required to prove that the defendant was drunk. ' Whatever difficulties there may be in framing with precision a definition of the extent of inebriety which falls short of and which constitutes drunkenness, there is a distinction between that crime on the one hand and merely being under the influence of liquor on the other hand, which is recognized in common speech, in ordinary experience, and in judicial decisions.' " ·

There was, therefore, nothing before the Commissioner of Motor Vehicles to establish that the New York statute had been violated by petitioner's conviction in Massachusetts. Whether our statute should be amended to adopt the same definition as that contained in the Massachusetts statute is a matter for the consideration of the Legislature. Until such change is made, however, it is clear that a violation of the Massachusetts statute does not afford proof of a conviction on the charge defined in our statute.

The order of certiorari should be sustained, the determination of the Commissioner annulled and the petitioner's license restored, with fifty dollars costs and disbursements to the petitioner.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order of certiorari sustained, determination of the Commissioner annulled and petitioner's license restored, with fifty dollars costs and disbursements to the petitioner.