In the Matter of Thomas H. Howard, Petitioner, against Clifford J. Fletcher, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, New York County, January 24, 1951.

*John L. Sullivan* and *Henry C. Moses* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Kenneth D. Shearer* of counsel), for respondent.

BOTEIN, J. Paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law makes revocation of a driver's license mandatory if he is convicted of " an offense consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor where the conviction was had outside this state ". Petitioner in this proceeding was convicted in the State of Maine of driving while under the influence of intoxicating liquor.

Petitioner urges that a license of a citizen of this State should not be revoked on the basis of a conviction in another State for an offense which, if committed in this State, would not require revocation of the license. Under paragraph (b) of subdivision 2 of section 71 (*supra*) conviction for operation of a motor car or motor vehicle in this State while under the influence of liquor does not require revocation of a driving license, unless the driver is actually in an intoxicated condition at the time of operation. However, if the offense takes place outside of the State, it is sufficient to require revocation of the license that the car was operated while defendant was under the influence of intoxicating liquor. The discrimination thus made

between convictions within the State and convictions outside the State is one which the Legislature itself has seen fit to make. The court may not substitute its views on the subject for those of the Legislature. Prior to 1933 revocation of a license was mandatory in a case arising outside the State only if the conviction was for driving while intoxicated. As a result, however, of the holding in *Matter of Cashion* v. *Harnett* (234 App. Div. 332), that a conviction of operating a motor vehicle while under the influence of intoxicating liquor was not a conviction of driving while intoxicated, paragraph (b) of subdivision 2 of section 71 was amended by chapter 354 of the Laws of 1933. It now provides for the mandatory revocation of a driving license, on the basis of a conviction outside the State for the offense of driving while under the influence of intoxicating liquor.

It is thus clear that the Legislature did not act inadvertently when it authorized the mandatory revocation of driving licenses for conviction outside the State while driving under the influence of intoxicating liquor; although for offenses within this State revocation of a license is mandatory only if the driver was actually intoxicated.

Petitioner also urges that the revocation of his license was improper because he was not informed at the time of his arraignment that upon conviction his license might or would be suspended or revoked, as required by section 335-a of the Code of Criminal Procedure. To overcome the decision in *Matter of Harrigan* v. *Fletcher* (271 App. Div. 723), this section was amended by chapter 418 of the Laws of 1947, so as to apply only in the case of an arrest in this State. Petitioner argues that the Legislature failed, however, to amend subdivision 6 of section 71 of the Vehicle and Traffic Law, which provides that there should be no suspension or revocation of a license because of a judgment of conviction, if the magistrate who pronounced the judgment failed to comply with section 335-a of the Code of Criminal Procedure. It seems clear that no amendment to section 71 was necessary, since the provision in subdivision 6, above referred to, by its terms applies only to a case where there had been a failure to comply with section 335-a of the Code of Criminal Procedure. After the 1947 amendment, compliance with section 335-a was no longer required in the case of an arrest and conviction outside the State.

The Maine statute makes it a crime to operate a motor vehicle if the driver is " *at all* under the influence of intoxicating liquor " (Maine Rev. Stat. [1944], ch. 19, § 121; emphasis supplied). This does not, in the court's opinion, justify a

holding that the petitioner's conviction was not for driving " while under the influence of intoxicating liquor " within the meaning of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law of this State. The Maine statute provides (1) that evidence that the driver had 7/100ths% or less by weight of liquor in his blood is prima facie evidence that he was not under the influence of intoxicating liquor within the meaning of the section, and (2) that evidence that he had 7/100ths% to 15/100ths% by weight of liquor in his blood, though relevant, does not establish prima facie that the driver was under the influence of intoxicating liquor within the meaning of the section. (Maine Rev. Stat. [1944], ch. 19, § 121.) It is thus clear that the words " at all " employed in the Maine statute are not to be given literal effect.

The court recognizes the petitioner's plight, but possesses no discretion in this case. The Legislature has seen fit to make it mandatory that driving licenses be revoked in cases of this character, and no grounds exist upon which the court may override the legislative will.

The motion to annul the respondent's determination revoking petitioner's license and certificate of registration is denied.