In the Matter of ROSE V. BARBUTO, Appellant, against FRANK C. MOORE, as Comptroller of the State of New York, et al., Respondents.

In the Matter of JEAN GUASTELLA et al., Appellants, against FRANK C. MOORE, as Comptroller of the State of New York, et al., Respondents.

Third Department, January 9, 1952.

260

*Martha Gibbell* and *Samuel Resnicoff* for appellants.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr., of counsel),* for respondents.

BERGAN, J. Shortly after the beginning of the last war the New York State Employment Service was taken over by the Federal Government and operated as the United States Employment Service.

The employees of the State agency were absorbed into the Government service and the United States followed a policy of continuing New York civil service rules and regulations in its personnel practice. Salary and classification schedules of the State were followed and increments in salary were allowed to the maximum of various grades allowed under State rules.

During this period of Federal operation of the agency the three petitioners were appointed as temporary employees to positions in the United States Employment Service. Rose Barbuto was appointed as a clerk; Jean Guastella was appointed as a clerk by transfer from another Federal agency; and Nathan Klein was appointed as a typist. The increments which the petitioners would have received in their respective positions in State service were allowed by the Federal Government.

On November 16, 1946, the unit was transferred back to the State Government and became again, together with the unemployment insurance service which had remained a State function, part of the Division of Placement and Unemployment Insurance in the Department of Labor.

Following this transfer back to State service, each of the petitioners took one or more competitive State Civil Service examinations. From the resulting lists the following permanent appointments were made in the State service: Rose Barbuto, October, 1948, as a typist in the unemployment insurance branch of the Division of Placement and Unemployment Insurance; Jean Guastella, April, 1948, as a typist in the employment service of the same division; Nathan Klein, July, 1948, as a clerk in the unemployment insurance branch of the division.

It will be observed that the titles of the positions to which each of the petitioners was permanently appointed are different from those held while they were employed by the Federal Government, i.e., two who held temporary positions as clerks received permanent positions as typists; one who held a temporary position as a typist received a permanent position as a clerk.

In two instances the permanent appointments were made, not in the employment service, but in the unemployment insurance service, a branch of the Division of Placement and Unemployment Insurance which had continued throughout the war as a part of the State Government.

It is argued by the appellants, and it will be assumed as true for the purpose of this appeal that the work actually done during the period of Federal service by the two " clerks " was actually typist's work; and the work actually done by the " typist " was clerical work, and in all three instances the type of work done during Federal employment was the same as that done upon permanent State appointment.

It also will be assumed on the appeal that in the work of the employment branch and the unemployment insurance branch of the Division of Placement and Unemployment Insurance there is often an interchange of employees and of work and the work of the two branches in the same division is closely related.

In 1944 the Legislature undertook to provide for the rights of State employees inducted into Federal service by the enactment of section 641 of the Labor Law, to which amendments were made in succeeding years. At the times pertinent to this appeal the section provided that any employee " of the United States employment service " transferred to the State service under the conditions set forth in the section should be eligible to compete in any examination " for any position held by him " in the Federal employment service. Where, as a result of an examination, an employee is " continued in such position " permanently, he shall be " paid the salary " that he would have had if the original appointment had been made in the State rather than the Federal service.

The State civil service authorities have construed this language quite literally. They have accorded it its narrowest interpretation to hold that even though the clerks were doing typist's work in the Federal service and the typist was doing clerk's work, still the permanent appointments when made did not amount to a continuance " in such position ".

The respondents have taken the additional ground in two of the cases that " such " position means the same branch of the service as well as the same title. The effect has been that each of the petitioners is receiving less compensation now than he would have had if full credit had been given to the increments granted during the period of Federal employment.

This result can be reached only by keeping very close to the words of the statute and giving no heed to the equities; because the petitioners make out a strong argument that the result reached by the State officers is quite inequitable to them and not in harmony with what must have been the purpose of the Legislature.

But an argument for a more equitable construction of a statute does not make out a case for a court. Judges have repeatedly advised administrative officers that they ought to read the statutes which govern their powers and policies and to follow what they read. We do not see our way open to interfere when the respondents have done just that.

In view of the special provisions of section 641 addressed to the situation of employees who had been in the Federal service, the parallel provisions of chapter 272 of the Laws of 1948, relating to continuous temporary or provisional employment have no application to the class of service in which petitioners find themselves. The continuity of employment considered by the Legislature in that act refers only to State employment, and to reach the result which petitioners urge their period of Federal service would have to be weighed into the calculation.

We think the Special Term was right in dismissing the petitions, and the orders appealed from should be affirmed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Orders affirmed, without costs.