In the Matter of CELESTE ROSENKRANZ, on Behalf of Herself and All Others Similarly Situated, Respondent, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.— Appeal from an order of the Rensselaer County Special Term granting the motion of the petitioner and directing the appellants to pay the petitioner the difference between the salary actually paid to her and the salary to which she was found to be entitled under subdivision 3 of section 41 of the Civil Service Law. On September 1, 1950, the petitioner had served for over four years as an assistant claims examiner in the Division of Placement and Unemployment Insurance, a position in grade G-12. She accepted appointment on that date to the position of employment interviewer, a position in grade G-11, after having passed a competitive examination for that position. The position of employment interviewer had been reallocated from grade G-9 to grade G-11, effective on September 1, 1950. For the purpose of this proceeding, the appellants have stipulated that the reallocation may be regarded as having taken effect immediately before the petitioner's appointment. Upon her appointment, the petitioner was entitled, under subdivision 3 of section 41, to the minimum salary for grade G-11, plus the number of annual increments which corresponded with the number of her years of service in her former position. This formula produces the salary which the appellants have been directed to pay the petitioner. The appellants point out that this gives the petitioner a higher salary than incumbents in the position of employment interviewer who had served in that position for the same number of years that the petitioner had served in her former position. This result occurs because section 39-b of the Civil Service Law denies to the "then incumbents" the full benefits of reallocation to a higher grade. This section provides in substance that the incumbents, whose salaries are in excess of the minimum of the new grade, shall receive the annual increments of the new grade until they reach the new maximum, but it does not give them an immediate increase to the salary which would be produced by adding to the new minimum the number of increments corresponding to their years of service. Appellants contend that this discriminatory result should be avoided by reading into subdivision 3 of section 41 the provision that the rate of compensation of the transferee shall be determined *as if* " he had been the incumbent of such position for the period of the service for which he is to get salary credit", thus subjecting the transferee to the same restrictions upon increase of salary by reason of a reallocation, as are applicable, under section 39-b, to employees who were incumbents in the position at the time of the reallocation. We find no statutory authority for thus reducing the salary payable under subdivision 3 of section 41. There is no statutory authority for treating persons who were appointed to the position after the reallocation had taken place, *as if* they had been

incumbents at the time of the occurrence of the reallocation. The acceptance of the appellants' contention would entail, not a construction, but a rewriting of the statute. Inequities may be found in the present statute, but they must be dealt with by the Legislature, not by the courts. Order affirmed, with $10 costs to the petitioner. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.