In the Matter of HYMAN ALPERT, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Ulster County, July 10, 1953.

*Joseph Avis* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Philip J. Fitzgerald* of counsel), for respondent.

HAMM, J. The petitioner was convicted in North Carolina of an offense involving operation of an automobile. Because of this conviction the Commissioner of Motor Vehicles of this State revoked his operator's license and suspended his vehicle

registrations. In this proceeding under article 78 of the Civil Practice Act the petitioner seeks to annul the respondent's determination.

All of the facts mentioned in this opinion are taken from the respondent's answer with the exception of the North Carolina statute, of which judicial notice may be taken (*Pfleuger* v. *Pfleuger*, 304 N. Y. 148), and with the further exception of the information[1] attached to the petition, the accuracy of which is not denied.

Paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law makes revocation of a driver's license mandatory and permits suspension of his certificates of registration if he is convicted of " an offense consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor where the conviction was had outside this state ".

The North Carolina statute, under which the petitioner was convicted, reads as follows (N. C. Gen. Stat., § 20–138): " § 20–138. *Persons under the influence of intoxicating liquor or narcotic drugs.*— It shall be unlawful and punishable, as provided in § 20–179, for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this state."

Annexed to the respondent's answer are:

A certified excerpt of the judgment of conviction duly certified by the assistant clerk of the Superior Court of Halifax County, North Carolina, a court of record;

| [1] STATE OF NORTH CAROLINA STATE vs. HYMAN ALPERT 98 Hasbrouck Ave. Kingston, N. Y. Defendant | Halifax     County<br>Weldon     Township<br>Justice's Court<br>Before<br>L. C. BARROW, JR.<br>————————————, J. P.<br>W-M age 55 |
|---|---|

NY9590052     Criminal Action

A. W. Kilpatrick, being duly sworn, complains and says that at and in the said County of Weldon, Township, on or about the 29 day of Jan. 1953, Hyman Alpert did unlawfully, wilfully Operate a motor vehicle upon the public highways of North Carolina under the influence of some intoxicating beverage or a narcotic contrary to the form of the statute, and against the peace and dignity of the State.

Subscribed and sworn to before me this 29 day of Jan. 1953.

    L. C. BARROW, JR.
*Justice of the Peace.*

          A. W. KILPATRICK

The petitioner's plea of guilty;

The report of the petitioner's conviction made by the same assistant court clerk and filed with the respondent;

The notice of revocation of the petitioner's driver's license by the North Carolina Department of Motor Vehicles filed with the respondent;

The respondent's revocation of the petitioner's license and suspension of the respondent's certificates of registration.

The certified excerpt of the judgment of conviction appears in full below with emphasis supplied:

NORTH CAROLINA,
HALIFAX COUNTY, B-424
    STATE     D. W. D.
        v.
    HYMAN ALPERT
NORTH CAROLINA,
HALIFAX COUNTY

IN THE RECORDERS COURT
FEBRUARY 24, 1953

Plea: Guilty
The judgment of the court is that the defendant pay a fine of $100.00 and costs.

I, Ann B. Williams, Assistant Clerk of the Superior Court for the County of Halifax, State of North Carolina, which court is a court of record, having an official seal, do hereby certify that the foregoing excerpt contains a full, true and perfect copy of the plea and judgment of the court in that matter entitled 'State vs Hyman Alpert' on a charge of operating a motor vehicle upon the public highways of North Carolina *under the influence of some intoxicating beverage or a narcotic* as the same appears of record in this office in Recorders Court Minute Book 5, page 433.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of said court at Halifax, on this the 17th day of April, 1953.

ANN B. WILLIAMS
ASSISTANT CLERK SUPERIOR COURT
EX-OFFICIO CLERK RECORDERS COURT

The petitioner's plea of guilty states: "Your deponent hereby states that he pleads guilty to the charge and desires to enter a plea of guilty as set forth in the information submitted by A. W. Kilpatrick on the 29th day of January, 1953, and which is on file in this Court."

The subsequent report of the petitioner's conviction[2], although

---

[2] N. C. DEPARTMENT OF MOTOR VEHICLES
       STATE HIGHWAY PATROL
COPY
REPORT OF CONVICTIONS FOR VIOLATIONS
       OF MOTOR VEHICLE LAWS
1. NAME IN FULL Hyman Alpert
2. DRIVER'S LICENSE NUMBER N. Y. 590052 DOCKET NUMBER B-424
3. AGE 55 RACE White SEX Male
4. STREET ADDRESS 98 Hasbrouck Avenue
    CITY OR

signed by the assistant court clerk, follows neither the information (*supra*) nor the petitioner's plea of guilty (the pertinent portion of which was quoted *supra*) nor the transcript of the court proceedings (*supra*) but negligently and erroneously states " CONVICTED OF Driving while Drunk " and the subsequent notice of the revocation of the petitioner's driver's license by the North Carolina Department of Motor Vehicles[3] likewise fails to follow the information or the plea of guilty or the transcript of the court proceedings but states " Convicted of Driving Drunk ".

---

5. POST OFFICE Kingston, New York
6. CONVICTED OF Driving while Drunk
                    MPH
7. DATE OF OFFENSE 1-29-53 DATE OF CONVICTION 2-24-53
8. PROSECUTING WITNESS A. W. Kilpatrick
9. IS LICENSE CERTIFICATE ATTACHED? No
10. JUDGMENT IN FULL Fine $100.00 and costs
11. COURT Recorder's Ct., TOWN Halifax, N. C.
12. COUNTY Halifax DATE OF THIS REPORT 2-25-53

                    Certified by
                    Signed ANN B. WILLIAMS
                              Ass't Clerk of Court
      Mail to Department of Motor Vehicles
State Highway Patrol, Raleigh, North Carolina

[3]  NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES
              STATE HIGHWAY PATROL
                    RALEIGH
              March 9, 1953

OFFICIAL NOTICE AND RECORD OF REVOCATION OF LICENSE
Name of Licensee Hyman Alpert
Address of Licensee 98 Hasbrouck Avenue, Kingston, New York
Driver's License Number N. Y. 590052 (55 w m)
Date of Revocation February 24, 1953
You may apply for a new license February 24, 1954 provided you have complied with the Safety Responsibility Act.
Convicted of Driving Drunk
Date of Conviction February 24, 1953
Name of Court Recorder's Ct.,
Location of Court Halifax, North Carolina
The above named person will take notice that the law forbids said person to drive a motor vehicle upon the highways of the State during the period of revocation.

                    N. C .Department of Motor Vehicles

                    W. B. LENTZ
                    W. B. LENTZ, Colonel
                    Commanding
                    State Highway Patrol

The revocation of the petitioner's driver's license by the respondent[4] substitutes for the language of the information and for the language of the petitioner's plea of guilty and for the certified facts of the North Carolina court proceeding the statement: "Convicted * * * for operating a motor vehicle while under the influence of intoxicating liquor." The suspension of the petitioner's certificates of registration by the respondent likewise states: "Convicted * * * for operating a motor vehicle while under the influence of intoxicating liquor." It also disregards the certified excerpt of the judgment of conviction which specifically states that the charge to which the plea was entered was "operating a motor vehicle upon the public highways of North Carolina under the influence of some intoxicating beverage or a narcotic". It likewise disregards the information and the plea of guilty to the information.

The respondent relies on *Matter of Howard* v. *Fletcher* (199 Misc. 521, affd. 278 App. Div. 799). The petitioner Howard was charged with violating a statute of the State of Maine

---

[4]
STATE OF NEW YORK
DEPARTMENT OF TAXATION AND FINANCE
BUREAU OF MOTOR VEHICLES
SUSPENSION OR REVOCATION OF LICENSE OR CERTIFICATE
OF REGISTRATION

**MVB**
CASE No. 3-35454

| DRIVER'S LICENSE NUMBER | 7436209 & any current | CERTIFICATE OF REGISTRATION No. DATED 3/27/53 | ORDER NUMBER A 304752 |
|---|---|---|---|

In the name of the person below is hereby REVOKED.

CAUSE: Convicted on 2/24/53 at Recorder's Court, Halifax, N. C. — for operating a motor vehicle while under the influence of intoxicating liquor.

FINANCIAL RESPONSIBILITY REQUIRED PURSUANT TO
SECTION 94a OF THE VEHICLE AND TRAFFIC LAW

It is directed that the License BE SURRENDERED IMMEDIATELY UPON RECEIPT OF THIS NOTICE to the Commissioner of Motor Vehicles at his office at

504 Central Avenue, Albany, N. Y.

RETURN THIS NOTICE WITH SUSPENDED ITEMS

HYMAN ALPERT (63)
98 Hasbrouck Avenue
Kingston, N. Y.

JAMES R. MACDUFF
Commissioner of Motor Vehicles
NOTICE: Failure of the holder of the license card, registration certificate, or number plates, to deliver the same as herein directed is a MISDEMEANOR.

HBC:MKB
2. (COPY TO FILES)

(Maine Rev. Stat. [1944], ch. 19, § 121), the pertinent portions of which were: " Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, upon conviction, shall be punished by a fine of not less than $100, nor more than $1,000, or by imprisonment for not less than 30 days, nor more than 11 months, or by both such fine and imprisonment.  *  *  *  Evidence that there was, at that time, 7/100%, or less, by weight of alcohol in his blood, is prima facie evidence that the defendant was not under the influence of intoxicating liquor within the meaning of this section.  Evidence that there was, at that time, from 7/100% to 15/100% by weight of alcohol in his blood is relevant evidence but it is not to be given prima facie effect in indicating whether or not the defendant was under the influence of intoxicating liquor within the meaning of this section.  Evidence that there was, at the time, 15/100%, or more, by weight of alcohol in his blood, is prima facie evidence that the defendant was under the influence of intoxicating liquor within the meaning of this section.''

An examination of the record on appeal discloses that the petitioner pleaded not guilty and that a trial was had which resulted in a conviction.  The petitioner's offense was treated as a conviction solely of driving while under the influence of intoxicating liquor.  As a matter of fact Mr. Justice BOTEIN stated at page 522: "Petitioner in this proceeding was convicted in the State of Maine of driving while under the influence of intoxicating liquor.''

No extended discussion is required to demonstrate that a conviction outside the State must be for the same offense delineated in the New York statute.  Prior to 1933, conviction for driving outside the State while intoxicated made revocation of a license mandatory.  But it was held that a Massachusetts conviction of operating a motor vehicle while under the influence of intoxicating liquor did not constitute a conviction of " driving  *  *  *  while intoxicated " within the meaning of section 71 of the Vehicle and Traffic Law as it then existed (*Matter of Cashion* v. *Harnett*, 234 App. Div. 332).

Moreover, at pages 523–524 of *Matter of Howard* v. *Fletcher* (199 Misc. 521, *supra*), it was stated: " The Maine statute makes it a crime to operate a motor vehicle if the driver is ' *at all* under the influence of intoxicating liquor ' (Maine Rev. Stat. [1944], ch. 19, § 121; emphasis supplied).  This does not, in the court's opinion, justify a holding that the petitioner's

conviction was not for driving ' while under the influence of intoxicating liquor ' within the meaning of paragraph (b) of subdivision 2 of section 71 of the Vehicle and .Traffic Law of this State. The Maine statute provides (1) that evidence that the driver had 7/100ths% or less by weight of liquor in his blood is prima facie evidence that he was not under the influence of intoxicating liquor within the meaning of the section, and (2) that evidence that he had 7/100ths% to 15/100ths% by weight of liquor in his blood, though relevant, does not establish prima facie that the driver was under the influence of intoxicating liquor within the meaning of the section. (Maine Rev. Stat. [1944], ch. 19, § 121.) It is thus clear that the words ' at all ' employed in the Maine statute are not to be given literal effect.''

The inference is ineluctable that, if the words '' at all '' in the Maine statute had not been so modified and limited as to be without their natural significance, the New York statute would not have been satisfied by the Maine conviction.

But the petitioner in this proceeding was not, as the court reported in the State of Maine case, convicted '' of driving while under the influence of intoxicating liquor.'' He was specifically charged with, pleaded guilty to and *in haec verba* was convicted disjunctively of operating a motor vehicle '' under the influence of some intoxicating beverage or a narcotic ''.

The Legislature has not yet seen fit to interpose its interdiction to driving while under the influence of narcotics. '' The court may not substitute its views on the subject for those of the Legislature.'' (*Matter of Howard* v. *Fletcher,* 199 Misc. 521, 523, *supra.*) Even where, quite unlike the situation here, inequities exist, the law nonetheless means what it says. '' An argument for a more equitable construction of a statute does not make out a case for a court. Judges have repeatedly advised administrative officers that they ought to read the statutes which govern their powers and policies and to follow what they read.'' (*Matter of Barbuto* v. *Moore,* 279 App. Div. 259, 263.) '' Inequities may be found in the present statute, but they must be dealt with by the Legislature, not by the courts.'' (*Matter of Rosenkranz* v. *Conway,* 281 App. Div. 727, 728.)

The issue is not what the petitioner did but of what he was convicted. The report of the North Carolina Department of Motor Vehicles reciting '' Convicted of Driving Drunk '' is of no value as evidence since it is contradicted by the record of

conviction submitted by the respondent and annexed to and made a part of his answer (*supra*).

The motion to annul the respondent's determination revoking the petitioner's license and certificates of registration is granted.

Submit order.