■ In the Matter of the Claim of GEORGE BEINTEMA, Appellant, against TOWN OF ISLIP HIGHWAY DEPARTMENT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which denied his claim for compensation on the ground that no causal relation existed between the accident claimant sustained and the loss of claimant's legs. A reargument of the appeal has been allowed and the record has been very carefully explored by counsel for both parties, especially by counsel for claimant. The evidence was such that the board could find claimant was struck on his right leg by the branch of a tree which he was cutting down, but that such injury cleared up within a few days. It was not obliged to find from the evidence in the record that any injury occurred to the left leg or foot. Claimant was admitted to a hospital the day of the accident, and during his stay there gangrene developed in the left leg to the point where it was necessary to amputate the limb. Some weeks later gangrene developed in the right foot and that also was amputated. There seems to be no question that claimant had a pre-existing circulatory disease which the board found upon competent medical proof was responsible for the gangrenous condition in both limbs. The issues involved are purely factual and we can find nothing in the record which would impel us as a matter of law to reject the board's decision. Decision affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of HERBERT L. SCHWARTZ, Individually and as Group Representative of Other Junior Attorneys Similarly Situated, Appellant, against ALEXANDER A. FALK et al., Individually and as Members of the State Civil Service Commission, et al., Respondents. In the Matter of ALBERT L. KLEIGMAN, Individually and as Group Representative of Other Attorneys Similarly Situated, Appellant, against ALEXANDER A. FALK et al., Individually and as Members of the State Civil Service Commission, et al., Respondents.— Motion for permission to appeal to the Court of Appeals denied, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ JOSEPH M. COLE, Respondent, v. FRANCIS R. COLE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Franklin County, entered upon a verdict in favor of plaintiff in a negligence action. Plaintiff has recovered for personal injuries sustained when his own automobile, in which he was a passenger and which was then operated by the defendant, his son, collided with another car. Appellant does not contest the jury's finding of negligence on the part of the defendant and submits only the issue of plaintiff's contributory negligence. The accident occurred on a two-lane highway on a foggy morning. The jury could find that there were stretches of road where the visibility was clear or reasonably so and that it was in one of those areas that defendant passed and overtook one car and was overtaking and passing another when the collision with an oncoming automobile occurred. Plaintiff testified that the speed of his car was 30 to 35 miles per hour; that defendant did not pass any car when it was foggy; that at a point some miles distant from the scene of the accident he told his son to slow down because of the fog and did not again caution him as to his driving. Plaintiff's testimony was at some variance with allegations of his bill of particulars as to speed and as to defendant's acts in overtaking cars when visibility was limited, but at what point or points, with reference to the scene of the accident, is not entirely clear. It could properly be found, however, that defendant's operation of the car prior to the accident was not such as reasonably to require action by plaintiff beyond the instruction to slow down which he gave, and that when the situation of danger developed, it was as reasonable for him to do nothing, assuming he had opportunity to act, as to interfere with the driver's