Beet B. Lockwood, J.
In this proceeding, petitioner seeks to annul an order of the Commissioner of Motor Vehicles of the State of New York, revoking the petitioner’s driving license. Revocation was pursuant to the mandatory direction of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law upon notification of petitioner’s conviction of operating a motor vehicle while under the influence of intoxicating liquor in violation of the General Laws of Massachusetts (eh. 90, § 24). The revocation was without a hearing and is deemed ‘ ‘ an *700 administrative act reviewable by the Supreme Court as such ’ ’ (Vehicle and Traffic Law, § 71, subd. 6).
The petitioner denies any conviction of driving while under the influence of intoxicating liquor and claims that at the time and place in question, he pleaded guilty to a speeding charge after being ■ advised that such a plea would not prejudice his driving rights in the State of New York. If petitioner disputes the nature of the offense to which he pleaded guilty in Massachusetts, his quarrel is not with the action of the commissioner, but rather with the court in Massachusetts which convicted him. (Matter of La Victoire v. Kelly, 5 A D 2d 548.)
The petition also claims there was not sufficient evidence before the Commissioner of Motor Vehicles on January 29, 1959 to sustain the action of the commissioner in revoking the petitioner’s license. The respondent’s answer and return has annexed to it a copy of the information charging the petitioner with the offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of the General Laws of Massachusetts (ch. 90, § 24). The said information clearly sets forth the violation with which the petitioner was charged. However, this information was not before the commissioner at the time he revoked petitioner’s license and it cannot be considered in this proceeding. (Cf. Matter of Moore v. Macduff, 309 N. Y. 35, 41.)
The documents which were before the commissioner at the time he revoked petitioner’s license were:
1. A copy of a notice of suspension which the Registrar of Motor Vehicles of the Commonwealth of Massachusetts addressed to the petitioner which purports to have been mailed to the petitioner at R. D. No. 1, Herkimer, New York and which sets forth the reason for the suspension being that the petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor on November 5, 1958 but does not set forth where the conviction took place or the court or the particular statute which was violated.
2. A letter from the Registrar of Motor Vehicles of the Commonwealth of Massachusetts to the Bureau of Motor Vehicles at Albany, New York which states in substance that the petitioner’s right to a license was suspended and gives the court and date and the offense as “ Oper. under the influence ” and the disposition was a $35 fine. However, neither the aforementioned notice of suspension, nor, the letter from the Registrar of Motor Vehicles of the Commonwealth of Massachusetts may be considered in this proceeding as they are extrinsic docu *701 ments which do not supply any probative value to the certificate of conviction in the light of the legal principles herein stated. Furthermore, neither of the afore-mentioned documents may be relied upon or considered by the commissioner to supply any of the minimum essential requirements.
Therefore, the only document before the commissioner, upon which he could legally act, was the certified abstract of the court record of the Commonwealth of Massachusetts. The possession of a license to drive is a vested property right. (Matter of Moore v. Macduff, 309 N. Y. 35, supra.) As was said in Matter of Wignall v. Fletcher (303 N. Y. 435, 441, Froessel, J.): “We are here dealing with the exercise of power by the commissioner in the revocation of a driver’s license, and our decision will apply not only to this petitioner, but may affect any other holder of a driver’s license in the State of New York. A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process.” The abstract of the court record sets forth the docket number of the case, the complainant, the name and address of the petitioner as the defendant, the date of petitioner’s birth and petitioner’s driving license number in the State of New York. In addition it gave the offense and date as “ Operating under the influence 11-5-58 ” and the date of the hearing as November 6, 1958 and as a result “ Fined $35.00 ’ ’. It further certified it was a true abstract of the records of the First District Court of Southern Worcester, Massachusetts. The abstract of the court record does not set forth the statute which was violated nor does it set forth the offense for which the petitioner was convicted. Clearly, the information contained in the said abstract was insufficient for the commissioner to determine the statute under which an indictment or information may have been drawn to determine what the operative and material facts were in order to compare these operative and material facts to our own statute to ascertain whether or not the conviction in Massachusetts is applicable. Clearly, the commissioner did not have the minimum essential requirements before him to justify the revocation of petitioner’s license.
The determination of the commissioner revoking petitioner’s license should be annulled and the license of petitioner returned, without costs.
Submit order.