Benjamin Brenner J,
This is an article 78 proceeding to set aside an order of the Motor Vehicle Commissioner revoking petitioner’s driver’s license, without a hearing, based on a conviction in the State of Virginia for operating a motor vehicle while drunk, a charge he vehemently denies.
*1058 The Vehicle and Traffic Law (§ 71, snbd. 2, par. b) provides for the mandatory revocation of an operator’s license where the holder is convicted “of * * * an offense consisting of operating a motor vehicle * # * while under the influence of intoxicating liquor where the conviction was had outside this state”. Subdivision 2 of section 71 also provides for a suspension of license, in the case of the forfeiture of bail, until the operator submits to the jurisdiction of the court in which he forfeited such bail.
Petitioner lays stress on the failure of the arraigning officer in Virginia to advise him as to his rights and the possible revocation of his license and that such failure precludes the order of revocation. There is no merit to this argument for the provisions of section 335-a of the Code of Criminal Procedure, relative to apprising an accused person of his rights, applies to arraignments for traffic violation within New York State only (Matter of Howard v. Fletcher, 199 Misc. 521, affd. 278 App. Div. 799; Matter of La Victoire v. Kelly, 5 A D 2d 548).
The petitioner further contends that he did not. appear for trial nor interpose any formal plea, nor have advice of counsel and that the conviction in Virginia was in fact no conviction but merely a forfeiture of bail or release from incarceration upon payment of $109 posted while awaiting trial. He thus challenges the Virginia statute (Virginia Code of 1950, § 46.1-389) which provides that a forfeiture of bail or collateral is tantamount to conviction for the purpose of revoking a driver’s license. In Tate v. Lamb (195 Va. 1005) the Virginia court not only held a forfeiture to have the same effect as a conviction but went on to rule that in revoking a license the accused is not denied due process.
However, our statute provides (a) for mandatory revocation of a license in the event of conviction, and (b) for mandatory suspension of a license until submission to trial in the event of forfeiture. We have here, then, a conflict as to the extent of limitation for the operation of a vehicle by a motorist charged with driving while intoxicated, in view of the law in Virginia relative to revocation of licenses which holds forfeiture to be equivalent to conviction. But the Virginia statute, so far as it provides for revocation based on forfeiture, is procedural merely and therefore is not binding on the courts of this State. So, since there clearly was no conviction but merely a forfeiture here, the Commissioner was only authorized under the New York statute to suspend the license and not to revoke it. The cases cited by the respondent (Matter of La Victoire v. Kelly, supra, and Matter of Bouchard v. Kelly, 7 A D 2d 774) are not helpful *1059 as revocation of licenses there involved convictions and not forfeitures. It is to be observed that the revocation here was no permissive revocation based on a hearing but a summary and mandatory revocation without hearing.
It is sometimes said by those who claim to know that in certain villages in New England and in the Deep South — indeed, in some towns across the country- — local Sheriffs and other constabulary will make unfounded charges of traffic violations against unsuspecting motorists in order to bolster their own or the coffers of their villages. I cannot say that this cynical view is of such common knowledge as to amount to judicial knowledge (even though such sad incidents have also happened to me on several occasions). In any event, mandatory suspension of the license of a New York motorist who forfeited bail is not only the maximum allowable penalty but a sufficiently penalizing one, for it is often most difficult for an operator to remain stranded in a village for the purpose of proving or attempting to prove his innocence.
It occurs to me that in the case of forfeiture of bail the Commissioner might well require a hearing for a permissive revocation or suspension as provided by subdivision 3 of section 71 of the act rather than make a summary disposition without a hearing. There is, however, no authority for the revocation of the license based on bail forfeiture. The petition is granted and the matter remitted to the Commissioner for appropriate action in accordance herewith.
Settle order on notice.