■ In the Matter of James P. Sullivan, Respondent, against Joseph P. Kelly, Individually and as Commissioner of Motor Vehicles of the State of

New York, Appellant.— Order affirmed, with $50 costs and disbursements. All concur, except Williams and Halpern, JJ., who dissent and vote to reverse and to dismiss the proceeding in the following memorandum: The Commissioner of Motor Vehicles issued the order revoking the petitioner's license on the ground that he had been " Convicted 11/6/58 before First District Court of Southern Worcester, Mass., of operating a motor vehicle while under the influence of intoxicating liquor ". At the time he issued this order, the Commissioner had before him: (1) a notice from the Registrar of Motor Vehicles of the Commonwealth of Massachusetts stating that the petitioner had been convicted in Massachusetts of " Oper. under the influence " and had been fined $35 therefor; (2) an " Abstract of Court Record of Violation of Motor Vehicle Laws " signed by the Clerk of the Massachusetts court showing that the petitioner had been convicted of " Operating under the influence "; and (3) a notice of suspension which had been sent by the Registry of Motor Vehicles of the Commonwealth of Massachusetts to the petitioner, notifying him that his right to operate an automobile in Massachusetts had been suspended for an indefinite period of time. A copy of the notice had been sent by the Registry to the New York Commissioner. This notice stated that the reason for the suspension was: " You were convicted of operating a motor vehicle while under the influence of intoxicating liquor ". While items (1) and (2) above mentioned did not indicate the specific nature of the " influence ", item (3), the copy of the notice of suspension, clearly stated that the influence was that of intoxicating liquor. This brought the offense within the scope of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law, and the Commissioner was required by the statute forthwith to revoke the petitioner's operator's license. In fact, the language of the New York statute with respect to out-of-State convictions had been designed for the specific purpose of meeting the terms of the Massachusetts statute. (*Matter of Moore* v. *Macduff,* 283 App. Div. 596, 600–601, revd. on other grounds 309 N. Y. 35.) In our opinion, the papers before the New York State Commissioner were sufficient to authorize and require the revocation. The phrase " operating under the influence " is apparently used in Massachusetts as the abbreviated name of the crime of operating an automobile while under the influence of intoxicating liquor, in violation of section 24 of chapter 90 of the General Laws of Massachusetts. There is no other definition of a crime in chapter 90 of the Massachusetts Laws, which deals with motor vehicles and aircraft, in which the phrase appears, or to which the phrase could refer. The Commissioner of Motor Vehicles and the courts of this State have the right to take official and judicial notice of the Massachusetts statute (Civ. Prac. Act, § 344-a). In any event, when the certificate of conviction and the notice from the Registrar are read with the copy of the notice of suspension, the explicit statement that the petitioner had been convicted of the crime of operating a motor vehicle while under the influence of intoxicating liquor indisputably appears. This case differs from *Matter of Moore* v. *Macduff* (309 N. Y. 35) where, under the Canadian statute, the phrase " ability impaired " could apply to impairment by a drug as well as to impairment by alcohol. With respect to convictions under the Canadian statute, recourse must sometimes be had to the complaint or information to determine whether alcohol or a drug was involved (*Matter of La Victoire* v. *Kelly,* 5 A D 2d 548). The Massachusetts statute has no such alternatives; it applies only to operating under the influence of intoxicating liquor. There was therefore no need in this case to have recourse to the original complaint or information. However, the Attorney-General procured a photostatic copy of the original complaint and attached it as an exhibit to his answer. This

complaint explicitly charged the petitioner with operating a motor vehicle "while under the influence of intoxicating liquor". It is to this complaint that the petitioner pleaded guilty. While the complaint was not before the Commissioner at the time he issued his order, it throws light upon the papers which were before him and it conclusively demonstrates that his interpretation of the papers was the correct one. The ultimate question to be decided by the court upon review is whether the Commissioner acted arbitrarily or capriciously in finding that the petitioner had been convicted in Massachusetts of operating a motor vehicle while under the influence of intoxicating liquor. It seems clear to us that he did not act arbitrarily or capriciously in making this finding. The order appealed from should therefore be reversed, the application should be denied and the proceeding dismissed. (Appeal from an order of Herkimer Special Term canceling revocation of petitioner's operator's license and ordering its return to him.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ. [16 Misc 2d 699.]