Herbert D. Hamm, J.
The petitioner received a permanent original appointment effective June 26, 1958, to the seasonal position of pari-mutuel examiner (harness racing). On July 8, 1958, the acting director of personnel of the Department of Taxation and Finance sent to the petitioner a waiver form known as PR-40 and requested that he execute and return it. Form PR-40 provided: “ I hereby elect to give up my additional credits on the eligible list indicated above.” After some delay the petitioner executed and returned the form. In 1959 he was redesignated for employment. For the 1960 season he was not *1013 designated for employment but Abraham T. Fischer was designated from the re-employment list. The respective standings of the petitioner and Fischer on the list were as follows:
Max Kahn
80% (including 5 veteran credits)
Rank 64
Rank 77
Abraham T. Fischer 75.500%
The reason given for failure to appoint the petitioner was that he had waived his veteran’s credits so that his mark was lowered to 75% reducing his standing on the re-employment list below that of Fischer. At the time of the transactions mentioned and until April 1, 1959, paragraph f of subdivision 2 of section 21 of the Civil Service Law as pertinent provided: “At any time during the term of existence of an eligible list resulting from a competitive examination in which a veteran or disabled veteran has received the additional credit granted by this section, such veteran or disabled veteran, as the case may be, may elect prior to permanent original appointment or permanent promotion to relinquish the additional credit theretofore granted to him and accept the lower position on such eligible list to which he would otherwise have been entitled, provided, however, that such election shall thereafter be irrevocable. Such election shall be in writing and signed by the veteran or disabled veteran, as the case may be, and transmitted to the civil service department or the appropriate municipal civil service commission.”
The above-cited paragraph was repealed and re-enacted without substantial or relevant change by chapter 790 of the Laws of 1958 effective April 1, 1959, and now appears in subdivision 5 of section 85 of the Civil Service Law in pertinent part as follows: “At any time during the term of existence of an eligible list resulting from a competitive examination in which a veteran or disabled veteran has received the additional credit granted by this section, such veteran or disabled veteran may elect, prior to permanent original appointment or permanent promotion, to relinquish the additional credit theretofore granted to him and accept the lower position on such eligible list to which he would otherwise have been entitled; provided, however, that such election shall thereafter be irrevocable. Such election shall be in writing and signed by the veteran or disabled veteran, and transmitted to the state civil service department or the appropriate municipal civil service commission.”
It is not disputed that no written waiver was executed prior to the permanent original appointment. The statute requires both that the election be in writing and that it be made prior *1014 to appointment. The waiver is ineffective. The alleged oral election, if made, was invalid because it was not in writing as required by the statute and the purported written election was ineffective because it was executed after appointment in violation of the statute. In Matter of Barbuto v. Moore (279 App. Div. 259, 263) Mr. Justice Bergan had occasion to state: “ an argument for a more equitable construction of a statute does not make out a case for a court. Judges have repeatedly advised administrative officers that they ought to read the statutes which govern their powers and policies and to follow what they read.” And, if there be any inequity, it arises from submission of the waiver form after appointment contrary to the unambiguous mandate of the statute. The end to be served by the statute, as I view it, indicates that the Legislature intended to interdict precisely such a situation as this. Moreover, if the respondents’ construction were accepted, then in a reverse situation an employee could file a written waiver at such time after his appointment as it became of advantage to him to do so and then claim that a prior oral election had been communicated to his employer.
An order may be submitted in accordance herewith and directing the reinstatement of the petitioner and payment to the petitioner of compensation from the date of removal to the date of restoration but subject to the provisions of section 77 of the Civil Service Law.