Lawrence H. Cooke, J.
Petitioners, Unemployment Insurance Referees of the State of New York, apply for an order, pursuant to article 78 of the Civil Practice Law and Rules, annulling and setting aside the determination of respondents, constituting the Civil Service Commission of this State, dismissing petitioners’ appeal from a denial by the Director of the Classification and Compensation Division of the New York State Department of Civil Service of petitioners’ application for reallocation of their position from salary grade 23 to salary grade 31 and for an order by this court granting said request for said reallocation.
*752 Section 115 of the Civil Service Law declares the policy of the State as one “ to provide equal pay for equal work ”, and paragraph (c) of subdivision 1 of section 118 of the Civil Service Law provides that “ The principle of fair and equal pay for similar work shall be followed in the classification and reclassification and the allocation and reallocation of positions pursuant to this article [article VIII] and all positions having the same title shall be allocated to the same salary grade.” The term “position classification” means a grouping together, under common and descriptive titles, of positions that are substantially similar in the essential character and scope of their duties and responsibilities and in the qualification requirements therefor (Civil Service Law, § 2).
Petitioners contend that the position of Unemployment Insurance Referee is comparable in all respects to that of Workmen’s Compensation Referee and that the former, now allocated to salary grade 23, is entitled to a salary grade reallocation so as to be equal to the salary for the position of Workmen’s Compensation Referee. Passing over the questions as to whether the duties, responsibilities and qualifications are the same or substantially similar, it is apparent that the two positions are not in all respects comparable as is urged. An Unemployment Insurance Referee is in the competitive class of the classified service (Civil Service Law, § 44) and may hold his position by permanent appointment (Rules for the Classified Service, rule 24 [subd. 1]) enjoying tenure and protection under section 75 of the Civil Service Law (cf. Matter of Hilsenrad v. Miller, 284 N. Y. 445, 451). A Workmen’s Compensation Referee is in the exempt class, except that employees holding permanent competitive class positions of such Referees as of April 10, 1950 were permitted to retain their competitive status (Workmen’s Compensation Law, § 150; L. 1950, ch. 526) and it appears that very few are in this competitive class (Matter of Powers v. Taylor, 286 App. Div. 575, 578, affd. 3 N Y 2d 952). Chapter 526 of the Laws of 1950, effective April 10, 1950, provided that “ The board may remove any referee ”, and chapter 927 of the Laws of 1963 substituted in its place a provision that ‘ ‘ Referees may be removed by the board for cause after notice of charges and an opportunity to be heard”. Said latter chapter also provided: “ The term of referees appointed to positions in the exempt class shall be seven years from the date of appointment.” Since 1921 a Workmen’s Compensation Referee has been required to devote his entire time to the duties of his office (L. 1921, ch. 642; L. 1945, ch. 74; L. 1950, ch. 526 ; L. 1963, ch. 927). The position of a Workmen’s Compensation Referee being in *753 greater jeopardy because of the possibility of change in appointing authority, there is a comprehensible reason for the inequality in pay.
But more significantly, section 150 of the Workmen’s Compensation Law provides, substantially as did its predecessor (former Labor Law, § 19; L. 1921, ch. 642, § 2), that a Referee thereunder “ shall receive an annual salary to be fixed by the board within the appropriation made therefor ”, indicating a clear legislative intent to exclude the position of Workmen’s Compensation Referee from consideration in the grading of positions by the Director of Classification and Compensation. The fixation of the Workmen’s Compensation Referee’s salary is not in the control of said director and the intent that said salary was not to be used as a standard by said director in his salary grade allocation is demonstrated also by paragraph (2) of subdivision 1 of section 118 of the Civil Service Law which excepts ‘ ‘ positions the salaries of which are otherwise specifically set forth in a statute ” from the allocation and reallocation of positions to salary grades specified in section 130 of the Civil Service Law by said director. Inequities may be found in the present statutory scheme, but they must be dealt with by the Legislature, not by the courts (Matter of Rosenkranz v. Conway, 281 App. Div. 727, 728).
The petition also alleges in effect that the position of Trial Examiner under the New York State Labor Relations Act is allocated to grade 25 and that it is comparable to that held by petitioners. The Director of Classification and Compensation has found that a large number of unemployment insurance hearings are relatively simple while most hearings before said Trial Examiners are in a difficult category, that the feelings of adversaries before said examiners are frequently tense and unfriendly, that more formal pleadings are required in regard to hearings before said examiners than before Unemployment Insurance Referees, that the Labor Relations Board requires that strict evidentiary and procedural rules be observed by the examiners while the Unemployment Insurance Board does not impose such a requirement on its Referees, and that in the average hearing conducted by a Trial Examiner all adversaries are represented by counsel accompanied by many technical motions, objections and rulings similar to a trial in a court of law while this is not the case in the average hearing before an Unemployment Insurance Referee. It is pointed out that Motor Vehicle Referees and Motor Carrier Referees are also in grade 23. Thus, it is clear that there are comprehensible reasons for the grading in question.
*754 What is shown here is that it is arguable whether there should have been made a difference in grade between that for an Unemployment Insurance Referee and for a Trial Examiner of the State Labor Relations Board; and such a record requires acceptance of the administrative judgment if due regard has been had of legal rights in the procedures followed (Matter of Schwartz v. Falk, 5 A D 2d 46, 47, mot. for lv. to app. den. 5 AD 2d 908, 5 N Y 2d 706). There is no contention here that petitioners’ rights were violated procedurally. A ground for judicial interference has not been demonstrated and the mere possibility that the court might be of the opinion that a different allocation ought to have been made of the positions in controversy would not warrant a direction to administrative officers to make such an allocation (Matter of Schwartz v. Falk, supra; Matter of Butler v. Conway, 276 App. Div. 1036,1037; Matter of Buckley v. Conway, 270 App. Div. 1066, mot. for lv. to app. den. 296 N. Y. 1056; Matter of Kornbluth v. Reavy, 261 App. Div. 60, 63).
Petition dismissed.