In the Matter of JOHN B. KNAUP, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Albany County, December 28, 1954.

*Draper & Bartle* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Philip J. Fitzgerald* of counsel), for respondent.

BOOKSTEIN, J. Petitioner, on his plea of guilty, was convicted in the State of Vermont, of the charge of driving while intoxicated. The Commissioner of Motor Vehicles of Vermont so certified to respondent. Under subdivision 5 of section 70 of our Vehicle and Traffic Law, the offense was a misdemeanor, if committed in this State.

Respondent has revoked petitioner's operator's license, pursuant to paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law. Such action, thereunder, was mandatory. Respondent has also revoked petitioner's registration certificate, pursuant to section 94-a of the Vehicle and Traffic Law. Such revocation was likewise mandatory, under that section of the law.

Petitioner, in this proceeding, seeks to review respondent's action and to annul his determination. His petition is based upon the claim that the Vermont magistrate did not comply with section 335-a of the Code of Criminal Procedure of this State. In support of his contention, he cites the decision in *Matter of Harrigan* v. *Fletcher* (271 App. Div. 723).

There, as here, the conviction of the New York State resident for driving while intoxicated was in Vermont; the then Commissioner of Motor Vehicles of this State revoked the operator's license and the certificate of registration; the Vermont Justice failed to comply with the *then* section 335-a of our Code of Criminal Procedure. Special Term annulled the determination of our Commissioner of Motor Vehicles and the Appellate Division unanimously affirmed the order of Special Term.

At first blush, that determination would seem to sustain petitioner's contention. However, it must be borne in mind, that the decision in the *Harrigan* case was rendered in 1947 and was based on section 335-a, as it then existed. At that time, section 335-a, as amended in 1942, read as follows: "The magistrate, after the arrest of a person charged with a violation of the vehicle and traffic law, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge

involved, and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial.'' (As amd. by L. 1942, ch. 75.)

In its opinion in *Harrigan* case (*supra*) the Appellate Division said (pp. 724–725): '' We do not consider that the aforesaid 1940 enactment was intended to apply only to a conviction in this State. It does not so state. It was added as a separate and complete enactment. It was designed to remedy situations productive of undue hardship and which were as capable of arising without the State as within. While a non-compliance with the procedural requirement of our Code provision was employed as the remedial measure, its non extraterritorial effect does not, in our opinion, limit it to convictions obtained here. A consideration of the ' reason and spirit ' of the 1940 enactment makes plain that its purpose was to save the citizen from the forfeiture of his licensed privileges in the absence of prior notice being given to him that such might follow as a consequence of his conviction of certain named offenses. We believe it was designed to achieve such purpose even where the end result of another State's procedure was made to operate on rights of a citizen here; that, as to a conviction ' outside this state ', it meant that the citizen was not to thereby suffer the forfeitures unless the foreign magistrate informed him of such consequence in a way and manner substantially conformable to the requirement here. Such a construction of the 1940 enactment is in harmony with its purpose, and admits, we think, of a liberal or enlarged meaning of its provision as to a compliance with our procedural requirements. (*Matter of Meyer*, 209 N. Y. 386, 389.) A contrary construction would result, at times, in the forfeiture of valuable rights as dependent upon the chance of forum location — a bad result which indicates a wrong interpretation. Having thus ascertained the purpose of the enactment, we may presume an intention to avoid inequality (*Matter of Meyer, supra*) and that the Legislature intended to do justice. (*People ex rel. Beaman* v. *Feitner,* 168 N. Y. 360, 366.) ''

Since that determination, section 335-a has been again amended (L. 1954, ch. 664), to read as follows: '' 335-a. *Provisions applicable to arraignments for traffic violations.* The magistrate, *upon the arraignment in this state* of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must instruct the defendant at the time of his arraignment in sub-

stance as follows: A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.'' (Emphasis supplied.)

That amendment made a very radical change in section 335-a, as it existed at the time of petitioner's conviction, from the same section as it existed at the time of the *Harrigan* decision (*supra*). It must be presumed that the Legislature was fully aware of the decision in the *Harrigan* case (*supra*) when it amended section 335-a in 1953 (L. 1953, ch. 288) and 1954 (L. 1954, ch. 664), and that it intended, by legislative enactment, to alter the rule pronounced in the *Harrigan* case (*supra*) so far as a conviction in a foreign State is concerned. (See *Matter of Howard* v. *Fletcher*, 199 Misc. 521, affd. 278 App. Div. 799.)

On the basis of section 335-a, as it existed, at the time of petitioner's conviction, petitioner is not entitled to the relief sought.

The petition is dismissed upon the merits.

Submit order.