Henry A. Hudson, J.
The petitioner brings this proceeding under article 78 of the Civil Practice Act to review the determination of the Commissioner of Motor Vehicles revoking his driver’s license and suspending all certificates of registration and to have such determinations annulled, cancelled and set aside.
The petitioner is a traveling salesman residing in Utica, New York who travels throughout the Middle Atlantic States. He was arrested in New Bedford, Massachusetts on September 26, 1956 and on that day pleaded guilty to a charge of operating a motor vehicle while under the influence of intoxicating liquor and paid a fine therefor of $50.
Notice of such conviction was forwarded by the clerk of the New Bedford, Third District Court of Bristol, Massachusetts to the Commissioner of Motor Vehicles of the State of New York as was a copy of the notice of suspension of the petitioner’s right to operate in the State of Massachusetts. The notice of *117 conviction designated the date and offense as “ September 26, 1956 — Op. under the influence.” The notice of suspension of the petitioner’s right to operate in Massachusetts stated the grounds of such suspension as follows: ‘ ‘ because it appears from an attested abstract of a record of New Bedford Third District Court that on September 26, 1956 you were convicted of operating a motor vehicle while under the influence of liquor.”
The Commissioner of Motor Vehicles of the State of New York thereupon, pursuant to the provisions of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law of this State, issued the revocation and suspension orders against petitioner.
The respondent contends that the revocation of the petitioner’s operator’s license is mandatory under the provisions of section 71 (subd. 2, par. [b]) as soon as he receives notice of the petitioner’s conviction for operating a motor vehicle under the influence of intoxicating liquor outside of the State of New York; that the notice of conviction of the petitioner upon which he acted showed that the petitioner had been operating a motor vehicle under the influence of liquor and had been convicted thereof and that this was further supported by the notice of suspension of the petitioner’s right to operate an automobile in Massachusetts.
The respondent further contends that the petitioner in the moving papers does not deny such conviction and that copies of the court records of the Third District Court of Bristol, Massachusetts, show that the complaint filed against the defendant contained the charge: ‘ ‘ did operate a motor vehicle on a way in said New Bedford while under the influence of intoxicating liquor ”, and that the defendant upon being charged therewith pleaded guilty and was fined the sum of $50 which he paid.
The petitioner does not deny that he pleaded guilty on September 26, 1956 to a charge of driving while under the influence of intoxicating liquor in the Third District Court of Bristol, New Bedford, Massachusetts or that his right to operate an automobile in the State of Massachusetts had been suspended by reason thereof. He contends, however, that he was denied due process of the law because he was not operating an automobile under the influence of liquor at the time he was arrested; that he was not offered an opportunity to obtain an attorney; that he was unfamiliar with the procedure of the State of Massachusetts ; that when arraigned he pleaded guilty and that he did so to speed his departure upon his business. He further stated that at no time was he advised that his operator’s license would be suspended or revoked and that at no time was he given an opportunity to be heard by the respondent, Commissioner of *118 Motor Vehicles. He further stated that he was refused the right to a blood test at the time of his arrest.
I am of the opinion that subdivision 2 of section 70 of the Vehicle and Traffic Law does not recognize any exception to the mandatory revocation provision for an out-of-State conviction because of any of the grounds relied on by the petitioner, such as his not being given the right to an attorney, or to take a blood test or being advised that he would lose his license upon a plea of guilty nor does the provision of section 335-a of the Code of Criminal Procedure give such protection, as section 335-a is limited solely to “ arraignment [s] in this state of a resident of this state ” before a magistrate of this State.
Petitioner further contends that the action of the respondent based upon the notice of conviction and notice of revocation of the petitioner’s right to operate a motor vehicle in Massachusetts was not sufficient to justify the action of the respondent and did not constitute due process.
I am of the opinion, in the absence of the showing of any facts to the contrary, that the documents relied upon by the commissioner to substantiate his revocation and suspension order, justify his action thereon and that under the provision of section 71 (subd. 2, par. [b]) there was a mandatory requirement upon him to revoke petitioner’s operator’s license. I am also of the opinion that the statement contained in the notice of conviction “ Exhibit A ” attached to the answer, “ Op. under the influence ” as supplemented by the statement in the copy of the notice of revocation mailed to the petitioner “ Exhibit B ” attached to the answer, “ You were convicted of operating a motor vehicle while under the influence of liquor ”, was sufficient to justify the commissioner’s action by reason of the provisions of section 71 (subd. 2, par. [b]) wherein the language as to the offense specified is identical. This is particularly true in view of the fact that official records of the court supplied upon the application fully substantiate the fact that the petitioner pleaded guilty to the offense set forth in section 71 (subd. 2, par. [b]) and no proof was submitted by the petitioner that he did not plead guilty to such charge at that time.
The petitioner further contends that under the authority of Matter of Moore v. Macduff (309 N. Y. 35), he is entitled to have the action of the respondent annulled, vacated and set aside.
I am under the opinion that the facts here under consideration are different than those considered in the case of Matter of Moore v. Macduff (supra). There the records show that the conviction in Ontario, Canada, was for an entirely different offense than the offense of operating a motor vehicle while under *119 the influence of intoxicating liquor; that the Ontario statute under which the conviction was had involved several different offenses and that the nature of the offense with which the petitioner in that case was charged was not specified with sufficient certainty so that it could be attributed to the act involving intoxicating liquors. The Canadian statute in question specified the offense insofar as it related to intoxicating liquors as (p. 37) “ ability to drive * * * impaired by alcohol.” The Canadian statute contained an additional offense under a different subtitle (p. 37), “ while intoxicated or under the influence of any narcotic, drives any motor vehicle ’ ’.
The court in the Moore case (p. 37) held that there was a substantial difference between driving while under the influence of liquor and driving while one’s ability to drive was impaired by alcohol.
I am, therefore, of the opinion that the respondent acted in accordance with the duties imposed upon him by the Legislature under the provisions of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law; that his action was valid and should be sustained. The application is denied, without costs.
Order accordingly.