In the Matter of JOSEPH L. LA VICTOIRE, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles, Appellant.

Fourth Department, April 30, 1958.

*Louis J. Lefkowitz*, Attorney-General (*Philip J. Fitzgerald* and *John R. Davison* of counsel), for appellant.

*Lionel O. Grossman* for respondent.

GOLDMAN, J. In this appeal the Commissioner of Motor Vehicles seeks to reverse an order of the Supreme Court of Onondaga County which annulled the commissioner's revocation of petitioner-respondent's operator's license. The revocation was pursuant to the mandatory direction of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law upon notification of petitioner's conviction following a plea of guilty to the charge of violating section 223 of the Criminal Code of Canada. The certificate of conviction received by the commissioner from the Registrar of Motor Vehicles of Ontario contained the following statement as the cause, "Convicted for an offense of care or control of a motor vehicle while ability impaired." In his memorandum decision the Special Term Justice based his determination upon the authority of *Matter of Moore* v. *Macduff*, (309 N. Y. 35) and unequivocally stated that "the case in on all fours" with *Matter of Moore*, (supra).

Special Term had before it, among other documents, the notice of revocation from the Commissioner of Motor Vehicles, the certificate of conviction from the Province of Ontario, a certified copy of the information sworn to by the chief constable of the Township of Cornwall in the Province of Ontario, where the alleged offense was committed, and a notice of revocation of license by Registrar of Motor Vehicles of Ontario, Canada. The court below dismissed the information as not binding upon him with the statement, "This Court holds that the above information, which was laid against the petitioner, does not contain any operative and material facts which can be the basis upon which the Commissioner acted in revoking the petitioner's operator's license." It is difficult to reconcile this statement with the unambiguous statement of the charge made against the petitioner

in the information in the following language, "While his ability to drive a motor vehicle was impaired by alcohol, did drive an automobile. Contrary to Section 223 of the Criminal Code." In our view the charge made in the information could not have been worded in more simple, clear and direct language.

In the light of the Special Term Justice's statement that he was bottoming his decision upon the authority of *Matter of Moore*, (supra), which is clearly the latest pronouncement of the Court of Appeals on the subject, it becomes necessary to examine *Matter of Moore* to determine the validity of the action of the commissioner. In that case the commissioner had revoked the petitioner's operator's license upon receipt of a certificate of conviction from the Registrar of Motor Vehicles of the Province of Ontario, Canada, as in the instant case, which indicated that the petitioner had pleaded guilty to driving while his ability was impaired. In *Matter of Moore* the petitioner admitted in his petition that his guilty plea and conviction was for "the offense of operating a motor vehicle while ability impaired by alcohol". (P. 41.) In the case at bar the petitioner makes no such concession but asserts that he pleaded guilty only to the charge of "care or control of motor vehicle while ability impaired." He further alleges in his petition that his ability was impaired by reason of mechanical breakdown of his automobile and makes no admission that he was impaired by alcohol. Chief Judge CONWAY in *Matter of Moore* dismissed any consideration of the facts contained in the petition and based his opinion solely upon the documents which were before the commissioner at the time he revoked the license. At page 41 he said: "since those were the only papers before the commissioner, by his own verified answer, they are conclusive."

The yardstick to be used in measuring the correctness of the commissioner's action is clearly set forth by Chief Judge CONWAY on page 42, where he wrote: "To ascertain of what charge a person has been convicted we do not have resort to extrinsic documents which have no force or effect upon the certificate of conviction itself. * * * We must refer to the indictment and the statute under which the indictment was drawn to determine what the operative and material facts were (*People v. Love*, 305 N. Y. 722), and then we must compare these operative and material facts to our own statute to ascertain whether or not it has application. * * * We are are limited in our present case to referring to the Ontario statute alone (there was no indictment and the conviction was for a violation of the section) and to ascertaining the operative and material facts."

The court reached its conclusion in *Matter of Moore* that the action of the commissioner should be annulled in the following statement on page 43: " Therefore it is clear that the respondent failed to meet the burden, which was his, to present proof in some admissible form which did not leave uncertain the precise offense of which the petitioner was convicted in Ontario. In the circumstances before us where the petitioner's conviction was for a violation of subdivision (4a), the certificate of conviction failed to specify which of the different possible offenses was the one of which he was convicted and only one of which might have come within the scope of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law. In view of this uncertainty, which clearly exists, this case comes within the rule which requires a court to give to the record " ' that construction which operates in favor of life or liberty ' " (*People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 545).

Thus in clear language the Court of Appeals blueprinted for the commissioner the minimum essential requirements before he was justified in revoking the license of a New York State operator for violation of section 223 of the Criminal Code of Canada. (Prior to the change in code numbers in 1955 this section of the Criminal Code of Canada was numbered section 285 [4a].)

In our view the commissioner followed precisely the direction of *Matter of Moore,* and revoked petitioner's license only after he had before him a certified copy of the conviction in Canada and a certified copy of the information. Standing alone the certificate of conviction would have been open to the same objection of uncertainty as to the precise offense as in *Matter of Moore.* However, in the case at bar the information elucidated the certificate of conviction and the uncertainty was dissipated by the direct statement in the information that the sole reason for the conviction was the plea of guilty to the charge that petitioner " While his ability to drive a motor vehicle was impaired by alcohol, did drive an automobile. Contrary to Section 223 of the Criminal Code." There is no contradiction or inconsistency between the two. (Cf. *Matter of Alpert* v. *Macduff,* 204 Misc. 326, 332.) By reference to these documents, the information and the statute under which the information was drawn, the operative and material facts were definitely known and the commissioner had no alternative but to obey the mandate of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law and revoke petitioner's operator's license.

If the petitioner disputes the nature of the offense to which he pleaded guilty in Ontario, Canada, his quarrel is not with the

action of the commissioner but rather with the court in Canada which convicted him. It is settled law in this State that in cases of this nature we are not concerned with what the petitioner claims he actually did but rather of the offense for which he was convicted. '' The Legislature has neither required nor authorized the commissioner to go behind and beyond the record of conviction and pass upon all questions relating to the validity thereof.'' (*Matter of Gross* v. *Macduff*, 284 App. Div. 786, 789.)

This court concurred with that statement in *Matter of Woodard* v. *Macduff* (5 A D 2d 26) and pointed out at page 28 that '' Respondent's remedy is by way of *coram nobis* or some other proceeding, but not by an article 78 proceeding.''

Petitioner's contention that the magistrate did not instruct him in accordance with section 335-a of the Code of Criminal Procedure is without merit. It is well settled that the provisions of section 335-a are applicable upon arraignment for infractions of violations only within the State of New York and do not apply to proceedings outside the State. (*Matter of Howard* v. *Fletcher*, 199 Misc. 521, affd. 278 App. Div. 799; *Matter of Knaup* v. *Macduff*, 206 Misc. 1022.)

The commissioner having acted correctly and as he was required to by law, the order of the Special Term should be reversed and the determination of the Commissioner of Motor Vehicles confirmed.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed and determination of the Commissioner of Motor Vehicles confirmed, without costs of this appeal to either party.