◼ In the Matter of AUGUSTUS F. BOUCHARD, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Appeal from an order of a Special Term, Supreme Court, Albany County. Petitioner's motor vehicle operator's license has been revoked by the respondent Commissioner of Motor Vehicles under the mandatory direction of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law, on the ground petitioner was convicted of " an offense consisting of operating a motor vehicle while under the influence of intoxicating liquor " in the State of Delaware. The problem presented is whether the respondent commissioner had before him a sufficient record of the Delaware conviction to come within the New York statute. To " ascertain of what charge " the person is convicted in the other State, the commissioner and the New York court on review must " refer to the indictment and the statute under which the indictment was drawn " (*Matter of Moore* v. *Macduff*, 309 N. Y. 35, 42). It is not disputed that the Delaware statute (Delaware Code, tit. 21, § 4111, subd. [a]) provides that "Whoever operates a motor vehicle while under the influence of intoxicating liquor or of any drug " shall be fined within certain limits. The certificate of petitioner's conviction in due form stated: " Offense 4111 A (drunken driving) Judgment guilty Result $200 ". This leaves no ground for uncertainty and imposes no need for resort to extrinsic proof condemned in *Matter of Moore*. The Delaware statute covers operation of motor vehicles while under the influence of intoxicating liquor; the certificate of conviction refers to the statute and describes the offense as " drunken driving " and the judgment as " guilty ". This is an adequate record and we see no need to include the specific information or indictment. Only in cases of uncertainty as to the offense charged and ambiguity in the foreign statute is it necessary to have resort to the terms of the charge. Here the certificate of conviction is enough. The record presents sufficient evidence of " an offense consisting of operating a motor vehicle * * * while under the influence of intoxicating liquor " to meet the requirements of section 71 (subd. 2, par. [b]) of the Vehicle and Traffic Law. Order dismissing petition affirmed, without costs. Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.