James A. Roe, Jr., J.
Application for an order reviewing respondent’s determination revoking petitioner’s license to operate a motor vehicle.
On October 20, 1961, in Lacey Township, Few Jersey, petitioner was convicted of operating a motor vehicle while under the influence of intoxicating liquor. As a result thereof, respondent revoked petitioner’s license to drive in Few York.
Through a clerical error, respondent’s first notice to petitioner erroneously designated paragraph (b) of subdivision 2 of section 510 of the Vehicle and Traffic Law as the basis of the revocation, but a subsequent notice correctly stated the applicable paragraph to be paragraph (c) of subdivision 2.
Petitioner admits the conviction in the Few Jersey court but contends that he was not guilty. He claims that he was not operating his car at the time he was arrested, but was parked on the shoulder of the Garden State Parkway. Petitioner’s guilt or innocence cannot be relitigated in this proceeding. Respondent is not required to make an independent investigation of each conviction. (Matter of Woodard v. Macduff, 5 A D 2d 26; Matter of Banks v. Kelly, 6 A D 2d 512.)
Petitioner further contends that he was not represented by counsel or advised of his rights by counsel. This likewise is a matter which involves his Few Jersey conviction and must be litigated in the courts of that State.
Finally, petitioner urges that the New Jersey statute under which he was convicted (N. J. Stat. Ann., § 39:4-50) permits *766 conviction whether he was under the influence of liquor or of narcotics, whereas revocation of his license in New York is authorized only if he was convicted of operating a motor vehicle while under the influence of intoxicating liquor. (Matter of Moore v. Macduff, 309 N. Y. 35.) The New Jersey court records, however, show that the conviction was for 1 ‘ driving under influence of alcoholic beverage.” Under such circumstances, the certificate of conviction presented sufficient evidence to meet the requirements of paragraph (c) of subdivision 2 of section 510 of the Vehicle and Traffic Law. (Matter of Bouchard v. Kelly, 7 A D 2d 774; cf. Matter of Sullivan v. Kelly, 7 N Y 2d 462.)
The application is denied and the petition dismissed.