■ In the Matter of MILDRED BRESLOW, Appellant, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Order entered December

2, 1965, dismissing the petition herein, unanimously reversed, on the law, and the matter remanded to the respondent for proceedings not inconsistent herewith, without costs or disbursements. In this article 78 proceeding it appears that petitioner was cited to attend a hearing under subdivision 3 of section 510 of the Vehicle and Traffic Law relative to an alleged accident on October 11, 1963. Three hearings were had during the period of one year. The matter was disposed of as follows: " Case closed. Refer case to Albany for re-examination procedure as to Breslow. Reasonable grounds exist to believe that she is not physically qualified to operate a motor vehicle." Petitioner thereafter failed a road test. An order of revocation followed. Subdivision 8 of section 501 of the Vehicle and Traffic Law provides, in part: " If the commissioner has reasonable grounds to believe that a person holding a license issued pursuant to this section is not qualified to drive a motor vehicle, the commissioner may require such person to submit to an examination to determine his qualifications." Subdivision 8 also provides the commissioner may require a licensee to submit to such an examination if he is involved in three motor vehicle accidents within 18 months. The record fails to establish that petitioner was involved in any motor vehicle accident. There is no substantiation of the statutory requirement of reasonable grounds to believe that petitioner is not qualified. The age of petitioner is not in itself reasonable grounds therefor. (See *Matter of Wignall* v. *Fletcher*, 303 N. Y. 435.) The license of petitioner may not be revoked without due process (p. 441). Any such determination must be supported by substantial evidence. (See *Matter of La Forge* v. *Kennedy*, 7 N Y 2d 973.) Moreover, the results of the examination may not be utilized to sustain the preliminary statutory requirement of "reasonable grounds". (*Matter of Wignall* v. *Fletcher, supra*; *Matter of Lynn* v. *Hults*, 26 A D 2d 570.) Respondent should make findings as to what induced the belief that petitioner is not qualified, and if such grounds exist, a new examination on the basis of those findings should be had. Concur — Rabin, J. P., McNally, Stevens, Steuer and Capozzoli, JJ .