■ RICHARD HUNTER, an Infant, by His Parent and Natural Guardian EILEEN HUNTER, et al., Respondents, v. CITY OF NEW ROCHELLE, Appellant.— Order of the Supreme Court, Westchester County, dated November 21, 1966, reversed, with $10 costs and disbursements, and motion denied. In our opinion, plaintiffs failed to show facts to establish the subsequent development of unusual or unanticipated conditions after placing the action on the Trial Calendar, making it necessary that further preliminary proceedings be had. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ROSE FEELY, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Determination of respondent, dated July 12, 1966, revoking petitioner's operator's license, annulled, without costs, and matter remanded to respondent for further proceedings not inconsistent herewith. In December, 1965, petitioner, then nearly 77 years old, drove her car past a red traffic light and into a street intersection, where the car collided with at least one vehicle. After a hearing, respondent revoked petitioner's license "Pursuant to Section 510, Subdivision 3 of the Vehicle and Traffic Law — Violation of Section 1110, disobeying traffic light." However, the hearing minutes show that, at the very end of the hearing, respondent's Referee stated: "I find that your client, Feely, caused this accident, in passing the light. In view of her advanced age, I am revoking her license." Hence, we conclude that the revocation of petitioner's license, though formally imposed under section 510 (subd. 3, par. [a]) of the Vehicle and Traffic Law, was in fact based upon respondent's opinion concerning petitioner's physical or mental health, grounds applicable to administrative action under paragraph (b) of the last-mentioned section and subdivision. The record, however, yields no evidence that petitioner suffers from a mental or physical disability which would warrant suspension or revocation of her license. Petitioner's age, in itself, was an insufficient predicate for a determination that she is physically or mentally disabled under paragraph (b) (cf. *Matter of Wignall* v. *Fletcher,* 303 N. Y. 435; *Matter of Breslow* v. *Hults,* 26 A D 2d 931). We conclude, therefore, that respondent's determination must be annulled, for otherwise respondent could accomplish under paragraph (a) that which the law forbids under paragraph (b), the suspension or revocation of a license because of mental or physical disability, but in the absence of evidence of such an impairment. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Nolan, JJ., concur.

■ In the Matter of the Estate of FRANK HARTL, Deceased. FRANK HARTL, SR., Appellant; WINSTON C. BECANNON, as Executor of FRANK HARTL, Deceased, Respondent.— Order of the Surrogate's Court, Westchester County, dated September 21, 1966, affirmed, without costs. The proper practice for obtaining the relief desired herein is by petition to vacate the probate decree. In our opinion, it is unnecessary to show a reasonable probability of success in the will contest as a prerequisite to withdrawal of a waiver of citation and consent to probate on the ground that it was obtained by fraud or misrepresentation (*Matter of Teller,* 277 App. Div. 937, amd. 277 App. Div. 1016). The contestant's allegations are sufficient to entitle him to a hearing on the issue of the withdrawal of the waiver (*Matter of Baldwin,* 3 A D 2d 635; *Matter of Teller, supra*). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ. concur.