Richard J. Cardamone, J.
Petitioner had his motor vehicle operator’s license suspended for a period of 20 days as a result of an intersection collision. The basis of the suspension as stated in the notice of revocation mailed to the petitioner and in the transcript before the Hearing Commissioner was for a *662 violation of subdivision (e) of section UU of tbe Vehicle and Traffic Haw,
However, this section has reference to the obeying of a traffic control signal at an intersection other than the intersection at which tbe signal is located. It is the contention of tbe respondent Commissioner that the suspension should have been for a violation of subdivision (a) of section UU rather than subdivision (e), and that tbe failure to specify the appropriate subdivision was merely a clerical error. Subdivision (a) of the section relates to failure to yield a right of way at an intersection controlled by a traffic signal. If there is such an error, the burden of proving that rests on the respondent Commissioner. There is no evidence whatsoever in this regard- But even assuming that such is merely a clerical error, respondent’s contention that the same does not prejudice the petitioner’s rights is without merit.
The question is merely one of law and may be passed upon pursuant to the provisions of article 78 of the CPBR by this court at Special Term in the first instance.
In his memo the Attorney-General states, “ the hearing referee concluded that (the other party) was lawfully within the intersection of Hast Adams Street and South Warren Street when the petitioner entered the intersection, failed to yield * * * causing a resulting collision ”. The conclusion that the Attorney-General draws with regard to what the Hearing Referee concluded is not to be found anywhere in the transcript of tbe hearing before the Referee. Section UU (subd- la]) which tbe Attorney-General cites (a traffic control showing a green arrow in combination with another colored light) has no application whatsoever to the facts here nor is any reference found to such a traffic control legend in this particular accident.
The section cited by the Referee in the notice of revocation and at the hearing was subdivision (e) of section UU of .the Vehicle and Traffic Haw. The Referee stated:‘‘ Suspend license of Jacobs, pursuant to section 51Q-3(a) Vehicle and Traffic Haw for twenty days for violation of Section UU(e) Vehicle and Traffic Haw. ’ ’ The revocation notice contains a similar legend. Subdivision (e) of section UU states: <( Vehicular traffic shall obey signs requiring obedience to traffic control signals at intersections other thau those at which such signals are located ’ That is, this relates to obedience to traffic signals at intersections other than where the signal is actually located. In effect, the Hearing Referee and the respondent Commissioner revolted the petitioner’s license for a violation of a section of the Vehicle and Traffic Haw which petitioner did not violate.
*663 We are dealing here with an exercise of administrative power by the Commissioner in revoking this petitioner’s operator’s license. Such a license is of great value to the petitioner and may not be taken away from him except by due process of the law. If it is permitted to be done loosely and carelessly, without regard to the applicable sections of the Vehicle and Traffic Law, which the petitioner is alleged to have violated in this case, then it may be done in any case. Such a loose practice should not be permitted. Due process of law requires more formality and accuracy in the disposition of important privileges and rights of citizens than such as were adhered to in the instant case. (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441.) Rules for suspension and revocation of licenses are provided for in section 510 of the Vehicle and Traffic Law. The license itself is a property right (Matter of Moore v. Macduff, 309 N. Y. 35) within the protection of the due process clause (N. Y. Const., art. I, § 6). (Matter of Breslow v. Hults, 26 A D 2d 931, 932.) Clearly, failing to state the correct section of the Vehicle and Traffic Law which the petitioner is alleged to have violated and which results in the suspension of such an important privilege is highly prejudicial to substantial rights of the petitioner depriving him of a valuable property right without due process of the law. Such is not merely a clerical error.
Accordingly, this court directs that the suspension of the petitioner’s license be cancelled.