■　　　In the Matter of RUTH R. KAMIL, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated December 29, 1967, which revoked petitioner's driver's license. Determination annulled, on the law, without costs, and matter remanded to respondent for a new hearing and further proceedings not inconsistent herewith. No questions of fact have been considered. Petitioner's driving license was revoked after a hearing on the

ground that she was an emotionally disturbed person and in such a mental state as to be incapable of operating a motor vehicle without risk to herself or the public within the purview of section 510 (subd. 3, par. [b]) of the Vehicle and Traffic Law; the primary evidence at the hearing consisted of testimony of a license examiner, who had interviewed petitioner, and the petitioner herself. In our opinion, respondent's failure to introduce competent medical evidence as to petitioner's alleged mental disability requires our remanding the matter for a new hearing at which time both parties may submit such evidence on the issue; expert testimony should be introduced when transactions fall within the penumbra between competence and incompetence (*Der Hagopian* v. *Eskandarian*, 396 Pa. 401, cert. den. 361 U. S. 938); the possession of a license to drive is a vested property right which may not be taken away except by due process of law (*Matter of Moore* v. *MacDuff*, 309 N. Y. 35; *Matter of Wignall* v. *Fletcher*, 303 N. Y. 435); and any determination revoking such license for physical or mental disability must be supported by substantial evidence (cf. *Matter of Breslow* v. *Hults*, 26 A D 2d 931). Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.