Fbank P. De Luca, J.
Petitioner has instituted this special proceeding to prohibit the revocation of his driving license by the respondent Commissioner of Motor Vehicles. Petitioner was arrested while driving in the Commonwealth of Virginia on February 17, 1973 and charged with operating “ a motor vehicle while under the influence of alcohol or other self-administered intoxicants or drugs ”. Petitioner was requested to and did post cash bail in the sum of $216.75. He was released and returned to New York without again appearing before the Virginia court. Subsequently, the Division of Motor Vehicles of the Commonwealth of Virginia sent a letter notice to peti *331 tioner advising that petitioner was convicted of driving while intoxicated on February 26,1973 and that his license to drive in Virginia was revoked for a period of four months. On June 19, his New York driver’s license was ordered to be revoked by order of respondent and this article 78 proceeding followed.
Petitioner’s chief contention'is that absent a hearing prior to revocation of his license, his constitutional rights, including the requirement of due process, were denied to him. la this regard, petitioner alleges that he was given no warning by the court or arresting officer that his driver’s license could be revoked or that it was necessary for him to return to court to plead to the charge. Parenthetically, the petitioner states that he totally abstains from the use of alcoholic beverages and that he was led to understand that all that was required of him was to pay the requested bail charges. The petition alleges that even had petitioner returned for trial, as a black man in rural Virginia, the outcome was hardly in doubt.
In rebuttal, respondent argues that revocation of the license is mandatory by operation of subdivision 2 of section 510 of the Vehicle and Traffic Law — wherein a judgment of conviction for driving under the influence of alcohol in another State is transmitted to the New York Department of Motor Vehicles. Respondent contends that section 510 is constitutional notwithstanding the absence of a hearing.
The court does not find it necessary to reach the constitutional question raised by petitioner since there is another ground to sustain the petition. The official cash receipt of the Northampton County Court contains no statement that a failure to appear for trial constitutes a waiver of trial by jury. Virginia law specifically states that a waiver of a jury trial occurs only if a defendant is informed of this fact. The Virginia Code of 1950 (§ 19-168) reads as follows: “When a person charged with a misdemeanor has been admitted to bail or released upon his own recognizance for his appearance before a court of record having jurisdiction of the case, for a hearing thereon and fails to appear in accordance with the condition of his bail or recognizance, he shall be deemed to have ivaived trial by a jury and the case may be heard in his absence as upon a plea of not guilty if the bond or recognisance states that nonappearance shall be deemed to constitute a waiver of trial by jury.” (Emphasis added.)
While it is the general rule that foreign judgments are entitled to full faith and .credit, the forum State has the authority to inquire into the question of jurisdiction of the State where the *332 judgment was obtained. (Magnolia Petroleum Co. v. Hunt, 320 U. S. 430.) Taking into account that the Virginia court was evidently not ,a court of record, that no transcript of the proceedings was made [the court relies upon the statement by counsel to this effect] there is a clear inconsistency between the Virginia .statute and the misinformation or noninformation given petitioner by the local court. Where there is a flaw or inconsistency or ambiguity in the foreign judgment, the Commissioner of Motor Vehicles may not be justified in revoking a New York driver’s license notwithstanding the mandatory language of section 510. (Moore v. Macduff, 309 N. Y. 35; Petrovick v. Tofany, unpublished decision by Grady, J., Sup. Ct., Westchester County, June 12, 1973 [Index No. 6138/73].) As noted in the Petrovich case: “ the Florida statute in the instant case is substantially different than in New York and since petitioner was given none of the required warnings prior to his plea of guilty, the Florida judgment of conviction should not be given full faith and credit.”
By reason of the foregoing, the petition is granted and respondent is directed to refrain from enforcing the revocation order herein and the said order is herewith deemed to be of no further force and effect.