OPINION OF THE COURT
Alfred D. Lerner, J.
This is a motion brought pursuant to article 78 for a judgment invalidating an order of the Department of Motor Vehicles which resulted in the revocation of petitioner’s license to operate a motor vehicle.
The petitioner, an 82-year-old resident of Queens County, received a traffic summons alleging that he had been driving his automobile at a rate of 46 miles per hour in a 30-mile per hour zone. It appears that this was the first summons ever issued to the petitioner in over 50 years of driving.
The petitioner was eventually convicted (March 3, 1979) and paid a fine for his speeding offense. The difficulties resulting in loss of his driving privileges came about as a result of an earlier appearance before a motor vehicle hearing examiner (Jan. 26, 1979), the only purpose of which was to assign another date for the hearing on petitioner’s traffic summons.
During the first appearance the hearing officer, Judge Martin Schwartz, noticed what he thought to be a tremor and on a form bearing the printed words "Recommendation for Safety Hearing”, he crossed out the last two words ("Safety Hearing”) and inserted the words, "Road Test”.
Under the heading of "Reason Hearing Requested (full explanation)”, the examiner inserted the following language: "Motorist should be scheduled for road re-examination. His physical appearance (hand tremors) and age (82) lend doubt to his ability to control a motor vehicle.”
On the same day (Jan. 26, 1979) petitioner was examined by his own doctor who pronounced him in "excellent health”. That, however, is not the issue before this court.
The issues presented by this motion are threefold: (a) Was the department authorized to require the petitioner to submit to a road test; (b) Did the hearing officer possess the requisite credentials to make a determination upon which the depart *264 ment acted; (c) If the actions of the hearing officer and the department were improper ab initio can the petitioner’s failure to pass the required road test then validate such behavior.
The petitioner initially urges invalidation of respondent’s actions based upon the improper reference to subdivision 8 of section 501 of the Vehicle and Traffic Law. This subdivision had been repealed and replaced by subdivision 1 of section 506 of the Vehicle and Traffic Law. Petitioner relies upon Matter of Jacobs v Tofany (56 Misc 2d 661). Since these two statutes are identical in language (as applied to these circumstances) and the department’s error was merely the use of an incorrect number easily ascertainable through reference to the supplements, it cannot be argued that petitioner was prejudiced in any way at all. The court, therefore, finds this argument of the petitioner to be untenable.
The courts have consistently held, however, that attempts to justify the illegal acts of a public official cannot be countenanced even though it may later become possible, to develop facts sufficient to sustain a rational basis for the official’s earlier action. Results of a subsequent examination may not be vitalized to sustain the preliminary statutory requirement of "reasonable grounds”. (Matter of Breslow v Hults, 26 AD2d 931, 932.) The response to our third hypothesis (c) must, therefore, be in the negative.
Subdivision 1 of section 506 of the Vehicle and Traffic Law states: "If the commissioner has reasonable grounds to believe that a person holding a license issued pursuant to this article is not qualified to drive a motor vehicle, the commissioner may require such person to submit to an examination to determine his qualification.”
There has been no showing that the hearing officer had the slightest scintilla of evidence or expertise upon which he based his recommendation. The "reasonable grounds” predicate mandated by the Legislature cannot be circumvented by mere suspicion. "Any such determination must be supported by substantial evidence”. (Breslow, supra, p 932.)
The hearing officer (Judge Schwartz) based his recommendation upon two observations, to wit: the petitioner’s age and his hand tremor. With no medical expertise claimed, the examiner’s observation can most charitably be described as casual or routine. While there are many persons of petitioner’s age who are feeble there are many others who continue to hold responsible positions, operate motor vehicles, pilot air *265 planes and ships, even act as appointees of our courts in most complex matters and with the most creditable results. To, therefore, deprive a person of a substantive right solely on the basis of age is clearly arbitrary. The effect of a blanket revocation or a mandate requiring the testing of all persons of petitioner’s age is an issue not before this court. It is quite clear that a judgment based largely on this one petitioner’s age is arbitrary, indeed. In Breslow (supra, p 932), the court, faced with a similar situation, asserted that there was "no substantiation of the statutory requirement of reasonable grounds to believe that petitioner is not qualified. The age of petitioner is not in itself reasonable grounds therefor.”
The tremor which Judge Schwartz . observed may have given rise to some further inquiry or examination by a physician. Under these circumstances, however, the observation of a hand tremor could be ascribed to a multitude of reasons perhaps giving rise to "reasonable grounds to believe the petitioner unqualified to drive a motor vehicle.” Unfortunately, this hearing officer lacked the demonstrated ability to make such a determination. Although the statute does not require certainty, it does mandate reason. Furthermore, the road test cannot be described as an adequate response to the examiner’s suspicion. If a physical ailment does, indeed, exist would the petitioner’s passing his road test have made him a safer driver? If the department believes this petitioner to be physicially unfit it must direct a more adequate means of making such a determination. Under the unique circumstances described herein, the court’s first two hypotheses (a) and (b) must also be answered in the negative.
Since the threshold questions have all been answered in the manner and for the reasons set forth above and since the department is without authority to now remedy its failure to properly act in the first instance, this court is left with no recourse. Although the court would have preferred to act after some responsible medical opinion were rendered, it is absolutely without authority or power to, itself, require such an examination. Whether the department has that right is another matter entirely.
The courts have consistently held that the department is without power, sans reasonable grounds, to withhold driving privileges from anyone. In Matter of Feely v Hults (27 AD2d 953), the Appellate Division decided that "respondent’s [Department of Motor Vehicles] determination must be annulled, *266 for otherwise respondent could accomplish * * * the suspension or revocation of a license because of mental or physical disability, but in the absence of evidence of such an impairment.”
 Under the circumstances, the court finds the department to have acted arbitrarily and without reasonable grounds as mandated by statute. Its action in revoking petitioner’s license was, therefore, improper and the commissioner is directed to restore the said license, forthwith.